Gbang-er., O. J.
If the courts should treat the conditions in the policy as mere modes of securing payment, and apply to them the rules governing the condition in a mortgage, they would deny effect to the plain intent of the parties to the contract, and impair the value of policies generally. To enable the company to promptly make payment in case of death, the insured, while living, must promptly make full payment of all dues under his contract with the company.
The “third” condition before us is plain. It clearly states that, upon a failure to pay the interest in advance, the policy should be void. The “ fifth ” adds that, in such case, “ all payments thereon and all dividends, credits accruing therefrom, shall be forfeited to the company.”
But the insured claims that the “ fourth ” condition modifies the “third.” This fourth condition makes no reference to interest, either expressly or by reasonable implication. Having failed to pay the interest due on /owrnotes he in effect was in default for a part of each of four annual premiums, besides the one that became due on March 7, 1875. This interest formed no part of the annual premium *274 due on that day. Its punctual payment was necessary to complete the payment of tbe premiums due in the four preceding years. The fourth condition granted to an insured, who was guilty of but one default as to one annual premium, the right to receive a paid up policy, provided he made demand before a second default.
We are unwilling to so construe a stipulation, worded so plainly and with such evident care, as to make of no moment a default which the third condition declared of enough importance to destro3r the life of the p.olic3r. Therefore we are constrained to reverse the judgment of the district court and affirm that of the common pleas.

Judgment accordingly.